# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                              )
       v.                )      I.D. No. 1005009912
                              )
ANDRE C. WALKER      )
                              )
   Defendant.      )

Submitted: August 16, 2021
Decided: August 20, 2021

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

*Upon Defendant's Motion to Correct Illegal Sentence Under Rule 35(a)*
**DENIED.**

## ORDER

Andre C. Walker, *pro se*, Smyrna, Delaware.

Joseph R. Grubb, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware 19801, Attorney for the State.

**WHARTON, J.**

This 20th day of August, upon consideration of Defendant's "jointly filed" Motions for Postconviction Relief and Correction of Illegal Sentence under Rule 35(a),[1] and the record in this matter, it appears to the Court that:

1. The Defendant, Andre C. Walker ("Walker"), was convicted after a jury trial of robbery first degree, possession of a deadly weapon during the commission of a felony, aggravated menacing (two counts), criminal mischief over $1,000, and resisting arrest on November 18, 2010. The State's motion to declare Walker a habitual offender pursuant to 11 *Del. C.* § 4214(b) on the robbery first degree charge was granted after a hearing.[2] He was sentenced on that charge to life on January 21, 2011.[3]

2. Walker unsuccessfully appealed his conviction to the Delaware Supreme Court.[4] His first motion for sentence modification was denied on February 17, 2011.[5] An earlier postconviction relief motion raising allegations of ineffective assistance of counsel was denied on June 8, 2015.[6] That denial was affirmed on May 2, 2016.[7] A second sentence modification motion was denied on July 14, 2016,[8] and a third on August 17, 2016.[9] Walker filed a fourth motion for modification of sentence on

---

[1] D.I. 95, 96.
[2] D.I. 28.
[3] D.I. 23.
[4] *Walker v. State,* 2011 WL 3904991 (Del. 2011).
[5] D.I. 24.
[6] *State v. Walker,* 2015 WL 3654806 (Del. Super. Ct. 2016), D.I. 78.
[7] *Walker v. State*, 2016 WL 2654349.
[8] D.I. 85.
[9] D.I. 86.

September 10, 2019.[10] That motion was denied on December 5, 2019,[11] and the decision affirmed on May 4, 2020.[12]

3. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[13] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[14]

4. Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred, *inter alia*, for time limitations, successive motions, procedural default, or former adjudication. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[15] No second or subsequent motions are permitted.[16] Any ground for relief that was not previously asserted is barred unless the movant shows cause for relief from the procedural default and prejudice from violation of the movant's rights.[17] Grounds for relief that

---

[10] D.I. 89.
[11] D.I. 90.
[12] *Walker v. State,* 2020 WL 2125803 (Del. 2020).
[13] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[14] *Id.*
[15] Super. Ct. Crim. R. 61(i)(1).
[16] Super. Ct. Crim. R. 61(i)(2).
[17] Super Ct. Crim. R. 61(i)(3).

were formerly adjudicated, whether in the proceedings leading to conviction, on appeal, or otherwise, are barred.[18] The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[19] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[20]

6. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[21]

7. Applying the procedural bars of Rule 61(i), it appears, and Walker acknowledges, that the motion is an untimely, successive motion barred by Rules 61(i)(1) and (2). Further, in his direct appeal of his conviction, Walker challenged his status as a habitual offender, implicating the bars of Rules 61(i)(3) and (4).[22] To overcome these bars to relief, Walker recognizes that he must satisfy the pleading requirements of Rule 61(2)(i) or (2)(ii).[23] He may do so by pleading with particularity that new evidence exists that creates a strong inference that he actually is innocent,[24] or by pleading with particularity a claim that a new retroactive rule of

---

[18] Super. Ct. Crim. R. 61(i)(4).
[19] Super. Ct. Crim. R. 61(i)(5).
[20] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[21] Super. Ct. Crim. R. 61(d)(5).
[22] *Walker v. State,* 2011 WL 3904991 at *2 (Del. 2011).
[23] Super Ct. Crim. R. 61(i)(5).
[24] Super. Ct. Crim. R. 61(d)(2)(i).

constitutional law applies to his case and renders his conviction invalid.[25]  In his motion, Walker attempts to: (1) relitigate the sufficiency of the evidence that the State offered to support its motion to declare him a habitual offender, (2) argue that his due process rights were violated, and (3) claim his counsel was ineffective at his sentencing hearing.  These are not actual innocence claims. In fact, Walker never claims that he the convictions offered to prove he was a habitual offender were not his, seemingly an essential predicate for an actual innocence claim.  Accordingly, Walker has not overcome the bars of Rule 61(i).

8.      Walker also seeks relief under Rule 35(a) claiming that his sentence is illegal.  He has been down this path before, most recently in his motion for sentence modification in 2019.  Both the Superior Court and the Supreme Court have already determined that his habitual offender sentence was not illegal.

**THEREFORE**, since it plainly appears from the Motion for Postconviction Relief and the record in this case that Walker is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

The Motion to Correct Illegal Sentence under Rule 35(a) is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc:    Prothonotary
cc:    Investigative Services

---

[25] Super. Ct. Crim. R. 61(d)(2)(ii).